

**ORDERED in the Southern District of Florida on January 8, 2014.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO. 12-39494-BKC-AJC
CHAPTER 13

EDWARD R. SALAS,

Debtor.
____________________/

**ORDER DENYING TRUSTEE'S MOTION TO DISMISS**

THIS CAUSE came before the Court for hearing on July 16, 2013 upon the motion of the Trustee to dismiss this case for unreasonable delay [ECF 107]. The Court having heard argument of counsel, and based on the record, denies the Motion.

The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 10, 2012. In the Debtor's Statement of Current Monthly Income and Disposable Income Calculation, the Debtor listed a deduction for a mortgage payment on his homestead of $3,000. The Debtor is not currently making the payments on his homestead but he has represented to the Court that he is trying to modify the mortgage loan outside of the plan in an effort to save his home.

The Trustee objects to the inclusion of the $3,000 monthly mortgage expense and contends the Debtor is allowed only the IRS Housing and Utilities Standard deduction of $1,404. The Trustee argues that because the Debtor is not actually paying the first mortgagee, then he is not allowed to take that deduction on the means test. The Trustee asserts the Debtor has not proposed the plan in good faith, as he is not actually making the mortgage payment which he is deducting on the means test. The Trustee urges the Court to dismiss this case if the Debtor does not amend.

To be clear, the Debtor is not attempting to take a deduction of the second mortgage payment, which he intends to strip off in his Chapter 13 Plan, but only the first mortgage payment, which is contractually due.

## ***DISCUSSION***

The issue presented to this Court is whether the Debtor can include the amount of his contractually due mortgage payments as an expense when calculating disposable income under 11 U.S.C. § 1325(b)(1)(B) if he is not actually making those payments. To answer this question, the Court will first consider whether the Debtor has effectively surrendered the property, as the Trustee suggests; and, if so, can the Debtor still include the monthly mortgage payment on the surrendered property as an expense in the disposable income calculation. If the Court determines the homestead property has not been surrendered, then the issue remaining would be whether the Debtor can still include the mortgage payment in the calculation of disposable income, even if he is not currently making those payments.

### A. The Debtor Has Not Effectively Surrendered the Homestead Property

Although the term "surrender" is not defined in the Bankruptcy Code, courts have

turned to the ordinary meaning of the word. *In re Stephens*, 2013 LEXIS 1202, 27 (Bankr. N.D.N.Y. Mar. 28, 2013). The U.S. Supreme Court in *Keppel v. Tiffin Sav. Bank* defined "surrender" as yielding possession to another upon compulsion or demand, or under pressure of superior force, or to give up. 197 U.S. 356, 362 (1905). Courts have subsequently expanded that definition of surrender to include: "to give back; yield; render up; restore; and in law, the giving up of an estate to the person who has it in reversion or remainder, so as to merge it in the larger estate. . . . To relinquish, to deliver into lawful custody, or to give up completely in favor of another." *In re Lair*, 235 B.R. 1, 59 (Bankr. M.D.La. 1999). "In isolation, the word 'surrender' appears to mean the complete giving up of rights to a thing." *Id*. If that thing is property or property rights, then surrender would seem to involve not only the act of giving up, but the act of giving up in favor of another or "into the power of another." *Id*.

In this case, the Trustee argues that while the Debtor has not directly stated that he will be surrendering the primary residence, the Debtor has effectively surrendered the Property. The Trustee finds support for that argument by pointing out that he Debtor is not currently paying his mortgage obligation and the Debtor did not oppose stay relief to the mortgagee. Thus, the Trustee contends that "for all intents and purposes, the Debtor has surrendered his primary residence." The Court disagrees.

The Trustee has cited no case law to support the proposition that one can "effectively surrender" a homestead. Surrendering one's homestead in Florida takes a lot more than what has been demonstrated by the record in this case, particularly when the Debtor has specifically stated he is trying to work out a payment plan with the lender to modify the mortgage on his home and he does not intend to surrender the Property. The

Court does not believe that, from the facts presented, the Debtor has surrendered his homestead property. Thus, the homestead having not been surrendered, the issue that remains is whether the Debtor can still deduct the contractually due monthly mortgage obligation for the Property on the means test, even if he is not paying the amount due.

**B. Contractually Due Monthly Mortgage Payments May Be Deducted on the Means Test Even If the Debtor is Not Paying Same**

Section 707(b)(2)(A)(iii) of the Code means what it says, and says what it means. Section 707(b)(2) provides that current monthly income shall be reduced by "[t]he debtor's average monthly payments on account of secured debts." 11 U.S.C. § 707(b)(2)(A)(iii). This statutory section does not expressly qualify or limit the kind of secured debt that may be deducted from current monthly income. A recent case discussing this issue, *Drummond vs. Welsh*, (*In re Drummond*) 711 F.3d 1120 (9th Cir. 2013), explains that section 1325 provides that disposable income includes current monthly income "less amounts reasonably necessary to be expended ... for the maintenance or support of the Debtor or a dependent of a debtor." 11 U.S.C. § 1325(b)(2). Section 1325 further provides that "[a]mounts reasonably necessary to be expended under paragraph (2)... *shall be determined* in accordance with subparagraphs (A) and (B) of section 707(b)(2)." 11 U.S.C. §1325(b)(3) (emphasis added).

As recognized in *Maney v. Kagenveama* (*In re Kagenveama*), 541 F.3d 868, 873 n.2 (9th Cir.2008), *overruled on other grounds by Hamilton v. Laning*, -U.S.-, 130 S.Ct. 2464, 2475, 177 L.Ed.2d 23 (2010), prior to the amendments to the Bankruptcy Code ("BAPCPA"), determining what was "reasonably necessary" for the maintenance and support of the debtor was dependently on each debtor's individual facts and circumstances. This amorphous standard produced determinations of a debtor's

"disposable income" that varied widely among debtors in similar circumstances. BAPCPA replaced the old definition of what was "reasonably necessary" with a formulaic approach for above-median debtors. 11 U.S.C. §1325(b)(3). By BAPCPA, Congress chose to remove from the bankruptcy court's discretion the determination of what is or is not "reasonably necessary." It substituted an unconditional calculation that allows debtors to deduct payments on secured debts in determining disposable income.

The calculation of "disposable income" under the BAPCPA requirements allows debtors to subtract their payments to secured creditors from their current monthly income. Congress did not limit or qualify the kinds of secured payments that are subtracted from current monthly income to reach the amount of disposable income, and there is no justification for this Court to impose any limitation under the guise of interpreting good faith.

This Debtor is an over median Debtor. In a similar circumstance, this Court ruled that a debtor may use the local standards deduction for a mortgage rental expense, notwithstanding the fact that the Debtor was not making a mortgage payment and did not have any rental obligation. *In re Morgan,* 374 B.R. 353 (Bankr. S.D.Fla. 2007). This theory holds true under the facts of this case; expenses are allowable without regard to whether the debtor is "actually" paying them. This is not a situation where the Debtor is attempting to take a deduction for a second mortgage which is under water, not being paid, and being stripped off in a plan. This case involves a first mortgage debt, which is contractually due, which the Debtor is still obligated to pay. The case law and Code allow this deduction, regardless of whether the Debtor is actually paying the debt at the present time.

The courts and the UST are bound to enforce a fictitious calculation of income upon debtors who may not have any income whatsoever. Surely the "Gander Rule" would apply – what is good for the goose is good for the gander. Fairness requires that, if the debtor is penalized by the fiction of the statute as to income, then the debtor is also entitled to any

benefit the debtor may receive by the application of the fiction to the debtor's expenses. Perhaps a better means test could have been enacted, requiring use of actual income and expenses, but Congress chose fiction over fact, and it is the function of the courts to apply the statute as enacted. Based upon the foregoing, it is;

**ORDERED that** the Trustee's Motion to Dismiss case for unreasonable delay is DENIED.

**###**

**Submitted by:**
Michael A. Frank, Esquire
10 Northwest LeJuene Road, Suite 620
Miami, FL 33126
Telephone (305) 443-4217
Facsimile (305) 443-3219
Email- Pleadings@bkclawmiami.com

**Copies furnished to:**
Michael A. Frank, Esquire
Nancy Herkert, Trustee
and all creditors

Attorney, Michael A. Frank, is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt.